**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZAK SHIMOSE,<br><br>  Plaintiff-Appellant,<br><br> v.<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 142; NATIONAL LABOR RELATIONS BOARD; UNITED STATES OF AMERICA,<br><br>  Defendants-Appellees. | No.  23-15612<br><br>D.C. No.<br>1:21-cv-00489-JAO-RT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Submitted May 15, 2026[**]
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

Zak Shimose appeals pro se from the district court's judgment dismissing his

action against the International Longshore and Warehouse Union, Local 142 and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the National Labor Relations Board alleging that the union violated its duty of fair representation and the First Amendment and challenging the NLRB General Counsel's decision not to file a labor complaint against the union. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo. *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019) (dismissal for failure to state a claim); *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1062 (9th Cir. 2019) (dismissal for lack of subject matter jurisdiction). We affirm.

The district court properly dismissed the claims alleging that the union violated the duty of fair representation because the second amended complaint failed to allege facts showing that the union's conduct was arbitrary, discriminatory, or in bad faith. *See Vaca v. Sipes*, 386 U.S. 171, 190 (1967) (setting forth the standard).

The district court properly dismissed the First Amendment challenge to the union's collection of fees because Shimose failed to allege that the collection was "fairly attributable to the state." *See Belgau v. Inslee*, 975 F.3d 940, 946-47 (9th Cir. 2020) (setting forth the standard and holding that a union, as a private party, is not bound by the First Amendment unless it acts "in concert with the state" to cause the deprivation of the constitutional right) (internal quotation marks omitted).

The district court properly held that it lacked jurisdiction to consider the

challenge to the General Counsel's decision not to issue a labor practices complaint against the union. *See NLRB v. United Food & Com. Workers Union, Loc. 23*, 484 U.S. 112, 122 (1987) (explaining that "the General Counsel's approval of a determination not to file an unfair labor practice complaint is not subject to judicial review"). Shimose failed to sufficiently allege a due process claim to create a possible exception to this jurisdictional rule. *Cf. Int'l Ass'n of Machinists & Aerospace Workers v. Lubbers*, 681 F.2d 598, 604 (9th Cir. 1982) (explaining that even if the appellant had a "private right" in prosecuting a labor practices complaint, a written explanation of the General Counsel's decision and an opportunity for an administrative appeal protected due process rights).

The district court properly dismissed the claim alleging that the General Counsel lacked the authority to act because the previous General Counsel had been unlawfully discharged. *See NLRB v. Aakash, Inc.*, 58 F.4th 1099, 1104 (9th Cir. 2023) (holding that "the President may remove the Board's General Counsel at any time for any reason").

We decline to consider issues not specifically raised in district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**